**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Jodie Louise Byrne,<br><br>      Debtor | Chapter 13<br>Case No. 23-10153 |

## ORDER DISMISSING CASE

In general, every petition must be accompanied by the filing fee for commencing the case. Fed. R. Bankr. P. 1006(a). In this case, the debtor made an oral motion to pay the filing fee in installments under Fed. R. Bankr. P. 1006(b)(1). That motion was granted after a hearing on August 10, 2023. The order granting the motion set a schedule for the installment payments and specifically cautioned as follows:

> If the debtor misses any of the deadlines set forth in this order, this case will be dismissed without further notice or hearing under 11 U.S.C. § 1307(c) and the Court will impose a ban on the filing of a subsequent bankruptcy petition by the debtor under 11 U.S.C. § 349(a).

[Dkt. No. 10]. This warning should not have come as a surprise to the debtor: similar warnings were given to the debtor during the hearing on August 10. *See* [Dkt. No. 7]. The debtor made her first two installment payments, but has not made the third, which was due on November 6. She has not asked for additional time to make that payment.

This chapter 13 case is hereby dismissed for cause under 11 U.S.C. § 1307(c). This dismissal is with prejudice to the debtor's right to commence a voluntary case under any chapter of the United States Bankruptcy Code in any court through and including April 20, 2024. *See* 11 U.S.C. § 349(a). This five-month ban on future filings is being imposed because the debtor's performance in connection with this case and another recent attempt to obtain chapter 13 relief has been woefully deficient. In neither case has the debtor shown a good faith effort to perform

the duties imposed by law on an individual who seeks a chapter 13 discharge. Chapter 13 is complex, and the debtor has attempted to navigate the process without the benefit of counsel. That said, the debtor has been given as much in the way of explanation and latitude as any litigant can reasonably expect from any court. Based on a review of the filings in this case and in the debtor's prior case – Case No. 22-10117 – and based on the representations made by the debtor in multiple hearings in both cases, the Court is left with the definite and firm conviction that the debtor does not understand the importance of (or is not interested in) disclosing the true extent of her financial affairs in connection with a bankruptcy case.

Date: November 20, 2023

Michael A. Fagone
United States Bankruptcy Judge
District of Maine